| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-2736-JFW (AGRx)**                                    Date:  May 12, 2010

Title:       Angela Feldman -v- Fidelity National Title Company of California, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                        None                                                                       None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

    On March 18, 2010, Plaintiff Angela Feldman ("Plaintiff") filed a Complaint against Defendants Fidelity National Title Company of California, Green Tree Servicing, LLC, Vista Funding Corp., and Does 1 to 100 in Los Angeles County Superior Court. On April 14, 2010, Defendant Green Tree Servicing, LLC filed a Notice of Removal.

    The removing party must strictly comply with the removal statute, and federal jurisdiction must be rejected if there is any doubt to the right of removal in the first instance. *See Gaus v. Miles, Inc.*, 98- F.2d 564, 566 (9th Cir. 1992). Pursuant to 28 U.S.C. § 1446(a), a defendant seeking removal must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant. "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). "The failure to expressly indicate why one or more of the defendants have not joined in the removal notice renders a removal notice procedurally defective." *Courtney v. Riverview School Dist. No. 407*, 2007 WL 4420937, at *2 (W.D. Wash. Dec. 17, 2007) (citing *Prize Frize*, 167 F.3d at 1266). "Defects in removal must be cured within the 30-day statutory period set forth in 28 U.S.C. § 1446(b)." *Peace v. Estate of Sorensen*, 2008 WL 2676367, at *2 (Jun. 30, 2008) (citing *Prize Frize*, 167 F.3d at 1266).

    In this case, Defendants Fidelity National Title Company of California and Vista Funding Corp. did not join or consent to the removal. However, Defendant Green Tree Servicing, LLC fails to address whether or not these defendants have been served, and, if so, on what date. Therefore,

Defendant Green Tree Servicing, LLC failed to file a proper removal notice.  *See, e.g., Leuzzi v. Dollar Tree Stores, Inc.*, 2005 WL 2972982, *2 (E.D. Pa. Nov. 4, 2005) (remanding case and holding that "[a]lthough it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements cannot be overlooked" where removing defendant did not include consent to removal by all defendants in its notice of removal).

On May 5, 2010, Plaintiff filed a motion to remand, demonstrating that she does not intend to waive this procedural defect.  For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.